UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00015-LLK

**NANCY M.**             **PLAINTIFF**

v.

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 12 and 18. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 10].

Plaintiff makes three arguments. First, she argues that a remand is warranted pursuant to Sentence 6 of 42 U.S.C. § 405(g) for consideration of new and material evidence that was not before the Administrative Law Judge (ALJ) when the ALJ issued the Commissioner's final decision. [Doc. 12 at PageID.493-95]. The allegedly new and material evidence consists of a letter from Plaintiff's treating psychiatrist, Steve B. Hiland, M.D., dated June 11, 2020, which is located at page 13 of the administrative record. [Administrative Record, Doc. 9 at 13]. Second, Plaintiff argues that a remand for a new decision is required pursuant to Sentence 4 of Section 405(g) because the ALJ's decision does not comport with applicable legal standards. [Doc. 12 at PageID.495]. Specifically, Plaintiff argues that "the evidence was not fully and fairly developed and Plaintiff was denied her right to representation." *Id.* Third, Plaintiff argues that a Sentence 4 remand is required because "the finding by the ALJ that Plaintiff can perform jobs which exist in significant numbers in the national economy … is not supported by the evidence." *Id.* at PageID.497.

1

Because Plaintiff's arguments are persuasive, the Court will REMAND this matter to the Commissioner for a new decision, including consideration of Dr. Hiland's letter dated June 11, 2020, pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g).

**Background facts and procedural history**

In May 2020, Plaintiff appeared unrepresented (pro se) before the ALJ for the administrative hearing on her disability claim. [Doc. 9 at 36]. At the outset, the ALJ described the hearing as a "telephone hearing because of the COVID-19 pandemic" and noted that both Plaintiff and the vocational expert were "on the line." *Id.*

Plaintiff asked the ALJ whether "Dr. Hiland's letter is part of your record? … I know he gave me a copy of it, and I gave it to the Social Security office." *Id.* at 49-50. Plaintiff recalled that the letter mentioned her breast cancer diagnosis and its impact on her mental health. *Id.* at 50. The ALJ responded "Well … we don't have it." *Id.* at 50.

On June 11, 2020, Dr. Hiland issued a "to whom it may concern" letter, which stated as follows:

> Ms. Menser has been under my care for many years. She has a history of depression related to a breast cancer diagnosis, and more recently a feeling of isolation, an unfortunate divorce, and filing for bankruptcy. Ms. Menser has feelings of hopelessness and has been unable to hold down a job over the past few years. She feels overwhelmed and very depressed. In addition to all of the above, she has had to cope with the death of her brother and poor treatment he received at the VA, as well as her own health struggles with a gallbladder surgery, and surgery on her leg. Due to her inability to work, Ms. Menser has applied for disability due to her deteriorating mental status. I agree that Ms. Menser should be considered for disability for all the above reasons.

[Doc. 9 at 13].

In July 2020, the ALJ issued her decision denying Plaintiff's disability claim. *Id.* at 23-32. After the ALJ issued her decision, Plaintiff obtained present counsel. [Doc. 9 at 264].

Plaintiff, through counsel, appealed the ALJ's decision to the Appeals Council and, in support, submitted Dr. Hiland's letter dated June 11, 2020, along with a letter from Dr. Hiland dated October 6, 2020, which discussed a misunderstanding regarding the prior letter, as follows:

2

> Ms. Menser previously applied for disability. It was the understanding of this office that copies of her records and a letter explaining her disability were to be obtained/created for the patient to pick up at this office. There was a misunderstanding, and instead these documents should have gone to the disability hearing. As a result, Ms. Menser is again applying for disability. This is in part [due] to the misunderstanding that these documents never made it to the original hearing. Ms. Menser currently has the letter requested to continue wither quest for disability status.

[Doc. 9 at 12].

According to the Appeals Council's internal rules, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

In December 2020, the Appeals Council declined to disturb the ALJ's decision, finding that Dr. Hiland's letters do not "show a reasonable probability that would have changed the outcome of the decision." *Id.* at 6.

### Plaintiff's first argument is persuasive.

When (as here) the Appeals Council declines to disturb an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, which is subject to judicial review. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council.").

This Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is **new** evidence which is **material** and that there is **good cause** for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g), Sentence 6 (emphasis added).

This Opinion concludes that Dr. Hiland's letter dated June 11, 2020, is "new" as contemplated by Sentence 6 because it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Comm'r of Soc. Sec.*, 279 F.3d 348, 357 (6th Cir. 2001).

This Opinion further concludes that Dr. Hiland's letter dated June 11, 2020, is "material" as contemplated by Sentence 6 because there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Comm'r*, 279 F.3d 348, 357 (6th Cir. 2001).

The Commissioner appears to argue that a treating source medical opinion is not material if an ALJ could properly reject it:

> Dr. Hiland's conclusory statement is on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1)("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). There are no specific functional limitations supported by objective medical evidence. The Sixth Circuit held that an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992)). "'The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985)). Thus, the ALJ would not have given Dr. Hiland's conclusory and unsupported letter any special significance.

[Doc. 18 at PageID.524-25]. The argument is unpersuasive because, even if the ALJ **could** reject Dr. Hiland's opinion, that does not mean that, if given an opportunity, the ALJ **would** reject it. Further, even if the ALJ were to reject Dr. Hiland's opinion (as such), the ALJ might still find that it bolsters Plaintiff's credibility or otherwise supports a Plaintiff-favorable decision.

This Opinion further concludes that there was "good cause" as contemplated by Sentence 6 for Plaintiff's not sooner presenting Dr. Hiland's letter dated June 11, 2020. Dr. Hiland's October 6, 2020, letter provides a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Comm'r*, 279 F.3d 348, 357 (6th Cir. 2001).

**Plaintiff's second argument is persuasive.**

Second, Plaintiff argues "the evidence was not fully and fairly developed and Plaintiff was denied her right to representation." [Doc. 12 at PageID.495].

As noted above, the ALJ conducted a "telephone hearing because of the COVID-19 pandemic." [Doc. 9 at 36]. Plaintiff appeared telephonically and was unrepresented. Ultimately, the ALJ found that Plaintiff suffers from "major depressive disorder, post-traumatic stress disorder (PTSD), and attention deficit hyperactivity disorder (ADHD)." *Id.* at 26.

At the hearing, Plaintiff was surprised and distressed to learn that the ALJ did not have Dr. Hiland's opinion in support of her disability claim. *Id.* at 49-50. Plaintiff "became emotional with crying several times during the hearing, which made her testimony difficult to understand." [Doc. 12 at PageID.489]. The hearing was further "marred by many technical or cell phone issues which interfered with the ability of the ALJ to hear [Plaintiff's] testimony." *Id.* "There are over 16 instances in the transcript of the hearing where the answers or statements of [Plaintiff] are inaudible. TR 41-49, 52, 63-66, 69, 73-74, 80, 84." *Id.* "[Plaintiff] was unable to view the exhibits, because she was at home on the phone and had no active email account or computer to receive them by email or to review the CD which was sent to her in the mail. TR 45-46." *Id.* at PageID.490.

When pressed by the ALJ about proceeding notwithstanding lack of representation, Plaintiff responded "I need to proceed because I'm losing my home" due to bankruptcy mentioned by Dr. Hiland in his letter dated June 11, 2020. [Doc. 9 at 44]. Then the following exchange occurred:

> ALJ: Okay. So you don't want to seek representation…. You feel like you would like to proceed because you're in a … crunch financially, and you'd like to try to get a decision on the case. Is that correct?
>
> Plaintiff: Exactly.

*Id.* at 44-45.

In summary, Plaintiff was unrepresented and distraught but nevertheless managed to communicate that her treating psychiatrist, Dr. Hiland, offered an opinion in support of her disability claim. Yet the ALJ's decision does not mention Dr. Hiland's letter, and there is no indication that the ALJ contacted Dr. Hiland's office or otherwise attempt to obtain his opinion.

"[U]nder special circumstances—when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures—an ALJ has a special, heightened duty to develop the record." *Wilson v. Comm'r*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)). In this case, special circumstances were present because crying and technological issues made it difficult to impossible to understanding Plaintiff's testimony, and Plaintiff was proceeding without counsel only because she was under a "crunch financially." [Doc. 9 at 44]. In not obtaining or attempting to obtain the opinion of Plaintiff's treating psychiatrist, Dr. Hiland, regarding what Plaintiff can still do despite her impairments, despite affirmative evidence of its existence, the ALJ did not satisfy her heightened duty to develop the record.

### Plaintiff's third argument is persuasive.

Third, Plaintiff argues that "the finding by the ALJ that Plaintiff can perform jobs which exist in significant numbers in the national economy … is not supported by the evidence." [Doc. 12 at PageID.497].

The argument is based on a discrepancy between the ALJ's decision, which determined that Plaintiff has a residual functional capacity (RFC) to "maintain concentration, persistence, and pace for **two-hour segments of time** in an eight-hour workday" and the controlling vocational hypothetical, which contemplated an individual who can "maintain concentration, persistence, and pace for **most of the time** in an eight-hour workday." [Doc. 9 at 28, 77] (emphasis added).

A discrepancy between an ALJ's RFC determination and the controlling vocational hypothetical is harmless if the "hypothetical … was more favorable to [the claimant] than the RFC." *Pasco v. Comm'r*, 137 F. App'x 828, 845 (6th Cir. 2005). The Commissioner argues that the discrepancy in this case was harmless because "the ALJ's hypothetical for 'most of the time' is equal to or more restrictive than" the ALJ's RFC for two-hour segments. [Doc. 18 at PageID.521-22]. But it is unclear how an individual who can concentrate "most of the time" is more limited than one who can concentrate for (only) "two-hour segments of time." This matter warrants further development of the vocational evidence, if necessary.

**ORDER**

For the foregoing reasons, the Court hereby REMANDS this matter to the Commissioner, pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g), for a new decision, including consideration of Dr. Hiland's letter dated June 11, 2020, and for any further proceedings deemed necessary and appropriate by the Commissioner.

*[signature]*

**Lanny King, Magistrate Judge**
**United States District Court**

June 10, 2022